[Cite as *State v. Tennant*, 2026-Ohio-2660.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-L-099 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| ADAM TENNANT, | Trial Court No. 2024 CR 000968 |
| Defendant-Appellant. | |

## OPINION AND JUDGMENT ENTRY

Decided: July 13, 2026
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*John P. Laczko*, 260 West Federal Street, Youngstown, OH 44502 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Adam Tennant, appeals the judgment of conviction from the Lake County Court of Common Pleas ordering him to serve 18 months in prison with zero jail-time credit and ordering the sentence to be served consecutively to a federal prison sentence. Appellant has raised a single assignment of error arguing the trial court erred by denying his request for jail-time credit on his sentence.

{¶2} Having reviewed the record and the applicable caselaw, we find Appellant's assignment of error is without merit. Appellant was serving a federal sentence during his pretrial detention on the Lake County case. The trial court ordered that Appellant's

sentence in the Lake County case be served consecutively to the federal sentence. Because of this, Appellant was not entitled to jail-time credit.

{¶3}   Therefore, the judgment of the Lake County Court of Common Pleas is affirmed.

## Substantive and Procedural History

{¶4}   On August 12, 2024, Appellant was indicted on the following counts: Count 1, Illegal Conveyance of Drugs of Abuse onto the Grounds of a Specified Governmental Facility ("Illegal Conveyance"), a third-degree felony in violation of R.C. 2921.36(A)(2); Count 2, Aggravated Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11; and Count 3, Possessing Criminal Tools, a fifth-degree felony in violation of R.C. 2923.24.

{¶5}   At the time of his indictment, Appellant was serving a federal sentence and was held at the United States Penitentiary, Canaan in Waymart, Pennsylvania. On September 19, 2024, the State filed a Petition for Writ of Habeas Corpus to provide for Appellant's transport for arraignment in Lake County. On September 20, 2024, the federal trial court granted the Petition.

{¶6}   On October 4, 2024, Appellant was arraigned and pled not guilty. Counsel appointed for arraignment noted that Appellant was "a federal prisoner on loan here" and requested a $10,000.00 bond. Appellant said that he is serving a 70-month sentence in the United States Bureau of Prisons. Although counsel requested that Appellant remain in State custody during the pendency of his case, the trial court deferred a ruling on that issue until the case was assigned and granted the bond requested.

{¶7} On November 20, 2024, Appellant requested referral for a competency examination. The trial court granted the motion on the same day.

{¶8} On December 30, 2024, the trial court held a competency hearing and determined Appellant was not competent to stand trial.

{¶9} On January 7, 2025, the trial court ordered Appellant to undergo treatment for restoration to competency. Appellant was first transferred to Northcoast Behavioral Healthcare, then transferred to Twin Valley Behavioral Healthcare, and finally transferred to the Lake County Jail where he continued treatment.

{¶10} On June 24, 2025, the State and Appellant stipulated that Appellant had been restored to competency.

{¶11} On July 15, 2025, Appellant entered a guilty plea to Amended Count 1, Attempted Illegal Conveyance, a fourth-degree felony in violation of R.C. 2921.36(A)(2), and Count 2 Aggravated Possession of Drugs, a fifth-degree felony in violation of R.C. 2925.11(A).

{¶12} On August 15, 2025, the trial court held Appellant's sentencing hearing. At the hearing, trial counsel requested that Appellant receive jail-time credit for the time he spent in the Lake County Jail. Counsel acknowledged that Appellant was "under a federal sentence" but said that Appellant did not post bond and had been away from the federal system "against his will, so I would request, for purposes of the record, the jail time credit." Trial counsel acknowledged that Eleventh District case law did not support the request.

{¶13} The trial court imposed an 18-month sentence on Count 1 and a 12-month sentence on Count 2, to be served concurrently, "with no jail time credit for days already served as he was serving a sentence the entire time." The trial court said that pursuant

to R.C. 2929.41(B)(2), the sentence was to "be served consecutively to the federal sentence that you are serving."

{¶14} On August 19, 2025, Appellant filed a pro se notice of appeal.

{¶15} On August 26, 2025, the trial court issued an amended sentencing entry correcting a clerical mistake.

{¶16} On August 27, 2025, the trial court appointed counsel to represent Appellant on appeal. Appellate counsel timely filed an amended notice of appeal. However, Appellant continued to file pro se motions, including a "Motion for Time Served" and a "Motion for Sentence Modification." The trial court overruled these motions.

## Assignment of Error and Analysis

{¶17} Appellant's sole assignment of error states: "THE TRIAL COURT COMMITTED PLAIN ERROR BY DENYING APPELLANT'S REQUEST FOR JAIL TIME CREDIT ON HIS SENTENCE HEREIN FOR A SENTENCE WHICH ARISES WHILE A CRIMINAL DEFENDANT IS CONFINED, CONVICTED AND SENTENCED IN LIEU OF BAIL."

{¶18} We review whether the trial court's determination as to the amount of jail-time credit for a felony is clearly and convincingly contrary to law. *State v. Perkins*, 2019-Ohio-2288, ¶ 12 (11th Dist.); R.C. 2953.08(G)(2)(b).

{¶19} "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions." *State v. Fugate*, 2008-Ohio-856, ¶ 7.

{¶20} R.C. 2967.191(A) states that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner . . . by the total number of

days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced . . . ."

{¶21} For prisoners serving concurrent sentences, the department of rehabilitation and correction shall reduce an offender's "sentence or stated prison term for the number of days confined for that offense." Adm.Code 5120-2-04(E).

{¶22} For offender's serving consecutive terms, the offender's sentence will be reduced "by the total number of days specified in *each sentencing entry*. Unless otherwise instructed by the court, the bureau of sentence computation will include the number of days the offender was confined between the last sentencing date and the date committed to the institution." (Emphasis added.) Adm.Code 5120-2-04(G).

{¶23} Although concurrent and consecutive sentences are treated differently, "the overall objective is the same: to comply with the requirements of equal protection by reducing the total time that offenders spend in prison after sentencing by an amount equal to the time that they were previously held." *Fugate* at ¶ 11.

{¶24} This case involves the imposition of multiple sentences. R.C. 2929.41(B)(2) provides:

> If a court of this state imposes a prison term upon the offender for the commission of a felony and a court of another state or the United States also has imposed a prison term upon the offender for the commission of a felony, the court of this state *may* order that the offender serve the prison term it imposes consecutively to any prison term imposed upon the offender by the court of another state or the United States.

(Emphasis added.)

{¶25} Jail-time credit is to be applied to an offender's "sentence only for confinement related to the specific case in which that sentence was imposed." *State ex rel. Carter v. Wilkinson*, 2004-Ohio-3386, ¶ 8 (10th Dist.). "R.C. 2967.191 pertains only to credit for time spent in jail awaiting disposition of the particular case out of which the

Case No. 2025-L-099

inmate's sentence arises, and does not pertain to time spent serving a sentence pursuant to a case from another jurisdiction, *including the federal courts*." (Emphasis added.) *Id.* A defendant held on bond is not entitled to jail-time credit for presentence detention "if, during the same period of time, he is serving a sentence on an unrelated case." *State v. Cupp*, 2018-Ohio-5211, ¶ 4.

{¶26} Appellant argues that he should be entitled to jail-time credit because he was removed from federal detention and transported to Lake County where he was held pending resolution of the Lake County case. However, a defendant is not entitled to jail-time credit simply based on the place of their confinement. *See State v. Lane*, 2017-Ohio-9335, ¶ 18 (11th Dist.).

{¶27} Appellant was being held on bond pending the resolution of the Lake County case. However, during that time, he was serving a sentence on an unrelated federal case. Had he posted bond in the Lake County case, he would not have been released. Although Appellant was confined in Lake County, the *fact* of his confinement was not related to the Lake County case.

{¶28} Pursuant to R.C. 2929.41(B)(2), the trial court elected to order that Appellant serve the prison term it imposed consecutively to any other prison term imposed. Appellant's arguments that he should be entitled to jail-time credit for spending time in the Lake County Jail pending the disposition of the Lake County case runs afoul of the equal protection considerations underpinning jail-time credit. To grant Appellant jail-time credit in this circumstance would result in disparate sentences based on whether an offender made bail or on the location of their confinement. *See State v. Johnson*, 2023-Ohio-4093, ¶ 74 (11th Dist.). This result is not permissible.

Case No. 2025-L-099

{¶29} Accordingly, Appellant's sole assignment of error is without merit.

{¶30} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed.

ROBERT J. PATTON, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-099

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-099